65

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD BUSH** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| CITY OF PHILA, et al. | : | NO. 08-cv-2276 |

FILED

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody to file a petition in a federal court seeking the issuance of a writ of habeas corpus; if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from such state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated.

Pursuant to the language of AEDPA itself, a prisoner seeking habeas corpus relief must be "in custody" at the time the request for habeas corpus relief is filed.[2] The concept of being "in custody" means that a person is subject to **both:**

I. significant restraints on liberty which are not shared by the public generally; **and**

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks on federal or state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as: attacks based on alleged violations of federal statutes; or, attacks based on alleged violations of treaties involving the United States; or, attacks based on an alleged lack of jurisdiction by the sentencing court.

[2] Spencer v. Kemna, 523 U.S. 1 (1998).

1

II.     some type of continuing governmental supervision.[3]

Moreover, it further appears that petitioner has requested leave to proceed in forma pauperis, but has not furnished the court with the requisite certification of prison assets <u>signed by a prison official</u>.[4] Accordingly, this  *14th*  Day of *July* 2008, it is hereby **ORDERED** as follows.

1.  The Clerk of this Court shall promptly furnish petitioner with the in forma pauperis application form, and petitioner shall *either* complete and return it to the Clerk of this Court within thirty (30) days (including the requisite certification of prison assets signed by a prison official); *or*, in the alternative, tender the required $5.00 filing fee to the Clerk of this Court within thirty (30) days.

2.  Petitioner shall submit to this court, within thirty (30) days, an explanation regarding why he considers himself to be in custody for the purposes of AEDPA.

3.  Failure on the part of petitioner to comply with this Order shall result in the dismissal of 08-cv-2276.

_____
**ROBERT F. KELLY, U.S. District Judge**

---

[3] <u>Obado v. New Jersey</u>, 328 F.3d 716 (3rd Cir. 2003). <u>Accord</u>, <u>Kumarasamy v. Attorney General of the United States</u>, 453 F.3d 169 (3rd Cir. 2006); <u>Jordon v. Attorney General of the United States</u>, 424 F.3d 320 (3rd Cir. 2005); <u>Barry v. Bergen County Probation Dept.</u>, 128 F.3d 152 (3rd Cir. 1997).

[4] Petitioner also did not tender the $5.00 filing fee.